Duncan, J.
The general objection to the deposition of John Buck is that it is in the nature of hearsay evidence, and that the defendant had no opportunity of cross examination; and unless there has been a relaxation of, and departure from the rules of evidence established for ages, the deposition, or rather ex parte affidavit, was properly overruled. The rulesof evidence are of great importance, and a departure from them without necessity, or unless expediency or general convenience require a modification adapted to the actual business and transactions of life, would endanger private as well as public rights. To a certain extent these rules have been relaxed, and on the very subject of protest; for it has been recently settled, that the memorandums made at the time by a person in the ordinary course of his business, of acts and matters which his duty in such business required him to do for others, are admissible evidence of the acts and matters so done after his death. Nicholas v. Webb, 8 Wheat. 326; 15 Mass. R. 381. But if he is living he must be called, and may make' use of those entries to refresh his memory; and if he then undertakes to swear to those facts from memory refreshed by 'and depending on the entries, he is competent to prove the fact; but the book of memorandums is not so, as evidence to the jury. The witness uses them to refresh his memory as to times, names, and quantities. Smith v. Lane, 12 Serg. & Rawle, 87. And in The Philadelphia Bank v. Officer’s Executors, 12 Serg. & Rawle, 49, if the party is dead or beyond the reach of the court, where there cannot be a personal examination on oath, then but not before, the question arises whether such memorandums and entries, to prevent a total failure of justice, are admissible. There the secondary evidence is admitted to prove facts where ordinary prudence cannot guard against the effects, of mortality or departure of the witness beyond the jurisdiction of the state. But there is no memorandum by Buck made at the time, of his daily acts and service of notice. Here the witness was alive, and this very matter was put in issue, and an opportunity given to perpetuate his testimony. It is neither more nor less than an ex parte affidavit, taken *91 without rule - of court and without notice to the party, and was properly rejected.
Most of this reasoning will apply to the second bill of exceptions, which was not even the hearsay from Buck, that he had served the notice, but a declaration of his intention to do it, his inquiry where he could find Whitehill, directions given to him, and his turning off in that direction with the declared purpose of serving it. If Buck’s ex parte affidavit was inadmissible, the objection to this'species of testimony is much stronger. Here the bank had an opportunity of proving the fact by Buck himself; they neglect to take this legal course; this never can be supplied by any declaration of Buck’s. It was not a part of the res gesta, because it was offered as evidence of the fact itself. It did not prove any thing to have been done, but was a declaration of an intention to do it. If the deposition had been taken under a rule in the cause, but notice had not been given or irregularly given, It could not have been read. On what principle, then, can it be maintained, that because notice has not been given, and there was no rule, and the primary evidence neglected, it shall be supplied by this kind of hearsay, under the name of secondary evidence? The party had better evidence, the best evidence in his power, he has taken that evidence improperly.; shall he then be suffered to prove what his witness said of his intention to do any act, when his best evidence from the witness that he had done that act, is neglected?
I do not know that any necessity would justify such a departure from the fundamental rules of evidence, of requiring the best evidence of a fact, as to let in evidence of the motion of a witness towards doing a particular thing required by law, and his declaration of an intention to do it, as evidence of having done it. But here the evidence required by law was in the party’s power, and it comes to this, surround it with circumlocution as you may, whether an ex parte affidavit is evidence to go to a jury to prove a fact in issue and on trial between the parties. This evidence, likewise, was properly, overruled, and the only question before us is, were these decisions right? It is quite plain that they were; so plain that the court did not think it proper to hear the counsel for the defendant in answer to the exceptions.
Judgment affirmed.